**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-7492**

───────────

MICHAEL KEITH LAMBERT,

           Petitioner - Appellant,

    v.

GENE M. JOHNSON, Director, Virginia Department of
Corrections,

           Respondent - Appellee.

───────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Rebecca Beach Smith, District
Judge. (2:06-cv-00631-RBS)

───────────

Submitted: November 3, 2009        Decided: July 6, 2010

───────────

Before MOTZ and SHEDD, Circuit Judges, and Jane R. ROTH, Senior
Circuit Judge of the United States Court of Appeals for the
Third Circuit, sitting by designation.

───────────

Vacated and remanded by unpublished opinion. Senior Judge Roth
wrote the opinion, in which Judge Motz and Judge Shedd joined.

───────────

Nathan S. Mammen, Charles A. Fernández, KIRKLAND & ELLIS, LLP,
Washington, D.C., for Appellant. William C. Mims, Attorney
General, Josephine F. Whalen, Assistant Attorney General II,
OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for
Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

ROTH, Senior Circuit Judge:

Michael Lambert appeals the District Court's order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. Lambert seeks habeas relief that would allow him to appeal in state court his conviction for second-degree murder.

Because we write primarily for the parties, we only briefly recite the facts. Lambert pleaded guilty to second-degree murder in state court for the death of his wife. Lambert's brief consultation with counsel regarding his Alford plea occurred in open court. After conducting a short colloquy, the court accepted Lambert's plea. At sentencing, the prosecutor proffered victim impact statements and argued for an upward departure from the state sentencing guidelines even though the plea agreement provided that the state would not recommend a sentence. The court accepted the prosecutor's recommendation and sentenced Lambert to 43 years' imprisonment. Lambert expressed dissatisfaction with this result, but his counsel never advised him of the right to appeal. Lambert exhausted post-conviction remedies under state law and filed this habeas petition claiming ineffective assistance of counsel.

Our review is plenary as to the District Court's decision, Robinson v. Polk, 438 F.3d 350, 354 (4th Cir. 2006), but deferential as to state court determinations. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, Lambert is

2

not entitled to habeas relief "with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by, the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Claims of ineffective assistance of counsel are reviewed under the two-part test of Strickland v. Washington, which examines whether assistance was ineffective and, if so, whether it prejudiced the defendant. 466 U.S. 668 (1984). Failure to counsel a defendant of appellate rights can constitute prejudicially ineffective assistance. "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). "For an attorney to 'consult,' that attorney must advise the client about the advantages and disadvantages of an appeal and make reasonable efforts to ascertain the client's wishes." Bostick v. Stevenson, 589 F.3d 160, 166 (4th Cir. 2009).

In this case, trial counsel admits he did not advise Lambert of his right to appeal. Had Lambert known of his appellate rights, he could have asserted three nonfrivolous arguments challenging his conviction and sentence: (1) the validity of his guilty plea, (2) the Commonwealth's alleged breach of the plea agreement, and (3) the trial court's admission of victim impact statements in violation of state law. Lambert reasonably demonstrated interest in pursuing an appeal by expressing dissatisfaction shortly after the sentence was imposed. See Frazer v. South Carolina, 430 F.3d 696, 712 (4th Cir. 2005) (noting that interest in appeal demonstrated by expression of dissatisfaction). The state court's contrary determinations are unreasonable applications of federal law; the District Court erred by denying the writ.

The order of the District Court will be VACATED and the case REMANDED. On remand, the District Court shall grant the writ of habeas corpus allowing Lambert to pursue his appeal in state court.

VACATED AND REMANDED